IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GARDEN RIDGE CORPORATION, | § | Case No. 04-10324 (RB) |
| *et al.*, | § | |
| Debtors. | § | (Jointly Administered) |
| | § | **Re: Docket Nos. 2169, 2170, and 2182** |

## RESPONSE OPPOSING THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO APPEAL

The Informal Landlord Committee of Garden Ridge (the "ILC") and Chiron Financial Corporation ("Chiron") file its Response Opposing the Reorganized Debtors' Motion for Leave to Appeal.

### INTRODUCTION & BACKGROUND

1. On February 2, 2004 and February 4, 2004, the Reorganized Debtors,[1] filed their petitions for relief under chapter 11 of the Bankruptcy Code. During the course of these cases the ILC formed an unofficial committee to represent the interests of the numerous landlords who leased retail space to the Debtors for their large retail stores. To assist and represent the ILC, the ILC retained Thompson & Knight LLP ("T&K") as its legal counsel and Chiron Financial Group, Inc. ("Chiron") as its financial advisor.

2. The ILC was active from the inception of the bankruptcy cases. Early in the bankruptcy case the ILC applied for official status as a sanctioned committee. This request was ultimately denied many months after it was heard, and only after Chiron provided and continued to provide valuable services that benefited the estate and the creditors at large, by substantially reducing the ultimate cost of the exit financing that the Debtors' emerged from bankruptcy with and the substantial savings realized from the accelerated proceedings that resulted in a plan of

---

[1] Unless otherwise indicated, all defined terms shall have the meaning ascribed to them in the Reorganized Debtor's Motion for Leave to Appeal.

reorganization that the landlords ultimately supported, with material concessions in the prospective lease terms. After confirmation, the ILC filed two motions, both of which were contemplated in the original retention of TK and Chiron, seeking an award for the substantial contribution made by it and its professionals in the case.

3.  Chiron seeks compensation for services rendered and expenses incurred in its "Motion of the Informal Landlord Committee for Allowance of Reasonable Fees and Administrative Expenses Pursuant to 11 U.S.C. § 503(b)" ("Administrative Expense Motion"). The Reorganized Debtors and other parties objected to the Administrative Expense Motion. In the midst of initial discovery concerning the matter, the Reorganized Debtors filed a motion for summary judgment arguing that, because T&K and Chiron were retained on a contingent fee basis, the ILC lacked standing under § 503(b)(4) – regardless of the benefit conferred[2] on the estate. The Reorganized Debtors further argued that the ILC could not recover Chiron's professional fees and expenses under § 503(b)(4) because Chiron is not an "attorney" or "accountant." The ILC, through T&K and Chiron, filed a cross motion for summary judgment relief, contending they each had standing to pursue the claims.

4.  The Bankruptcy Court received extensive briefing on the issues presented by the cross motions for summary judgment, and heard the parties argue the matters before the Court on November 16, 2005. After careful review, the Bankruptcy Court (Judge Baxter presiding) issued Judgment [*see* Docket Nos. 2169 and 2170] and a detailed Memorandum of Opinion and Order [*see* Docket No. 2169] denying the Reorganized Debtors' motion for summary judgment. The

---

[2] Bankruptcy Judge Louis Kornreich, at the October 27, 2004, hearing on the Landlord Committee's objection to the Debtors' second motion to extend the prior of exclusivity, stated: "I want to make it clear that the Informal Landlords Committee has performed a valuable service. I believe that their interest in moving things along as moved things along. I do not believe the Committee and its counsel to be a gadfly or a nuisance. Or a cause for additional expense." (*See* Docket No. 1514, Motion for Substantial Contribution, Ex. A at Transcript Excerpts "Exhibit A-3".)

2

Court's Memorandum Opinion carefully restates the parties' arguments and expansively addresses the issues. In particular, the Court noted that in *In re AM Int'l, Inc.*, 203 B.R. 898, 902 (D. Del. 1996), the District Court for the District of Delaware had already addressed the issue of whether a financial advisor may apply for and receive compensation for a substantial benefit under section 503 of the Code. Ultimately, the Bankruptcy Court followed *AM Int'l* and found that Chiron, as financial advisor, had standing and eligibility to be compensated if it otherwise fulfills the standards under section 503.

5. The Reorganized Debtors' have now filed a Motion for Leave to Appeal Order Denying Motion for Summary Judgment with Respect to the Motions of the Informal Landlord Committee for Allowance of Reasonable Fees and Administrative Expenses Incurred for Professional Services Rendered Pursuant to 11 U.S.C. § 503(b) (the "Motion for Leave") [*see* Docket No. 2182]. In addition, the Reorganized Debtors also recently filed in the Bankruptcy Court a motion seeking to abate the matters pertaining to Chiron's Motion. The effect of these combined requests appears calculated to delay Chiron's request for compensation for a job well done for several years. Respectfully, on the merits and as a matter of fundamental fairness, such delay strategy should be denied.

6. The ILC through Chiron opposes the effort to obtain interlocutory appeal of an issue already decided by an earlier District Court opinion from this district in *AM Int'l*, and further argues that abatement or delay in hearing Chiron's application already has prejudiced it to the extent that it has now been two years since the services were incurred and that further delay continues to work a hardship to the extent Chiron can satisfy the requirements for an award under section 503 of the Code. On the merits the Motion for Leave simply does not meet the basic requirements necessary to obtain the extraordinary remedy of interlocutory appeal of a

denial of a summary judgment request. The Reorganized Debtors cannot show that if an interlocutory appeal were granted, the very harm sought to be avoided by the allowance of interlocutory appeals—namely the waste of resources and delay of the proceedings—would in fact be caused. Indeed, the parties have agreed by stipulation to a streamlined and efficient discovery process and have demonstrated the ability to consensually work through these issues. Chiron itself has sustained harm as a result of continued delay in obtaining some measure of compensation for services which it believes can demonstrate actual benefit to the estate in the form of reduced financing costs and shortened time in the bankruptcy case. Moreover, given the recognition that this district already has ruled on the precise issue affecting Chiron in *AM Int'l*, as the sole remaining applicant,[3] there appears little substantive need nor reason to delay proceeding to a merits determination of the Chiron application. Consequently, the Motion for Leave should be denied.

## RELIEF REQUESTED

7. The ILC requests that the Court deny the Reorganized Debtors' Motion for Leave.

## ARGUMENTS AND AUTHORITY

**A.   Standard for Granting Interlocutory Appeals**

8. Section 158(a)(3) of title 28 provides, in pertinent part, "[t]he district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from other interlocutory orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a)(3). While § 158(a) provides a procedural mechanism for obtaining

---

[3] Chiron learned on June 13, 2006 that apparently the Reorganized Debtors and T&K reached agreement on terms to resolve the T&K application.

4

leave to appeal an interlocutory order, it fails to provide the criteria for determining when leave to appeal should be granted. Due to this lack of guidance, courts have universally applied the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to the United States courts of appeals. *In re Delaware & H. R. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989) (citing *Beckley Coal Mining Co. v. United Mine Workers*, 98 B.R. 690 (D. Del. 1988).

9. In evaluating the Reorganized Debtors' Motion for Leave, the Court should entertain an appeal under § 1292(b) <u>only</u> when a proposed appellant demonstrates that <u>exceptional</u> <u>circumstances</u> justify a departure from the basic policy of postponing review until after the entry of final judgment. *Dal-Tile Int'l, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996); *Delaware & H. R. Co.*, 96 B.R. at 472-473 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, (1978)); *see also, McGillicuddy v. Clements*, 746 F.2d 76, 77 n.1 (1st Cir. 1984) ("interlocutory certification under Section 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority"); *KBC Bank, N.V. v UAL Corp. (In re UAL Corp.)*, 2004 U.S. Dist. LEXIS 17233 (N.D. Ill. 2004) (denying motion for leave *inter alia* for lack of showing exceptional circumstances such as irreparable harm and noting "leave to appeal an interlocutory order will not be granted absent exceptional circumstances"). As demonstrated above, no such exceptional circumstances apply here. Moreover, even if the appellant can demonstrate the type of exceptional circumstances to warrant the extreme remedy of interlocutory appeal, the appellant must *also* satisfy the requirements imposed by § 1292(b). This cannot be accomplished here.

10. Section 1292(b) permits an interlocutory appeal if the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion

on that question of law and (3) when an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Dal-Tile*, 203 B.R. at 557. While it is possible that (1) might exist, (2) and (3) do not. There are no exceptional circumstances to justify interlocutory appeal or substantial grounds for difference of opinion on the questions of law fully addressed in the Bankruptcy Court's Judgment and Memorandum Opinion, particularly where a district court in this district has determined the issue previously. Moreover, an immediate appeal from the Bankruptcy Court's Judgment will not materially advance the ultimate termination of the litigation. All that will result is a delay—one which Chiron solely shoulders the burden on as it continues to have payment for services delayed.

**B.     No Exceptional Circumstances Justify Interlocutory Appeal**

11.     There is a "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974). Thus, "[a]lthough courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed [and] the movant 'bears the burden of showing that *exceptional circumstances* justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (quoting *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107 (D.D.C. 1996)). In this case, the Reorganized Debtors have not and cannot plead any exceptional circumstance that would justify a decision by this Court to exercise its discretion to grant leave for an interlocutory appeal.

12.     The Reorganized Debtors seek leave to appeal two issues. The first is whether the Bankruptcy Court erred in determining that it should not re-write 11 U.S.C. § 503(b)(4) to require the ILC to have "incurred a recourse liability" for T&K's and Chiron's fees before a

6

substantial contribution claim could be made for such fees. The Bankruptcy Court's deference to the plain language employed by Congress does not constitute an exceptional circumstance that will result in irreparable harm to the Reorganized Debtors. Indeed, it is a routine result reached by a court bound to apply the plain language of the Code. *See United States v. Ron Pair Enter. Inc.*, 489 U.S. 235, 242 (1989) (a statute's plain meaning is conclusive except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters). Such routine orders should not be the subject of the extreme remedy of interlocutory appeal because it increases expenses and prolongs litigation that would again be subject to review. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (U.S. 1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule.") (citations and quotations omitted). Consequently, based on the lack of exceptional circumstances to justify the requested relief, the Reorganized Debtors' Motion for Leave should be denied.

**C.    No Substantial Ground for Difference of Opinion Exists**

13.    "For there to be 'substantial grounds for difference of opinion' on an issue, it must involve more than strong disagreement between the adversaries. Rather, the requisite difference of opinion exists only where the issue is difficult and is of first impression." *In re Ctr. for Advanced Mfg. & Tech.*, 2006 U.S. Dist. LEXIS 6389, 5-6 (W.D. Pa. 2006) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2nd Cir. 1990)). However, even if a case is an issue of first impression, that fact alone does not create a substantial ground for a difference of opinion. *In re G-I Holdings*, 2005 U.S. Dist. LEXIS 31896 (D.N.J. 2005) (citing *In re Sharps Run Assoc.*, 157 B.R. 766, 779 n.6 (D.N.J. 1993) ("The mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which

7

there is a substantial ground for difference of opinion.")). Here, there is precedent in the district to support Chiron's position. No substantial difference of opinion in such circumstances should be heard at this juncture.

14. <u>The "incurred" issue</u>. The Bankruptcy Court addressed the issue of whether § 503(b)(4) requires the ILC to have "incurred" T&K's and Chiron's professional fees by plainly reading the statute. (*See* Docket No. 2169, Memorandum of Opinion and Order at 8.) The Bankruptcy Court answered the "incurred" issue in the negative because § 503(b)(4) simply does not say that ILC must have "incurred" T&K's and Chiron's professional fees. The Bankruptcy Court found direct support for such a plain reading in *In re Western Asbestos Co.*, 318 B.R. 527 (Bankr. N.D. Cal. 2004). Thus, the "incurred" issue answered by the Bankruptcy Court was not difficult and it was not one of first impression because the Third Circuit's analysis of § 503(b)(4) supports the Bankruptcy Court's ruling: "A creditor's attorney must ordinarily look to its own client for payment, *unless* the creditor's attorney rendered services on behalf of the reorganization, not merely on behalf of his client's interest, and conferred a significant and demonstrable benefit to the debtors estate and the creditors." *See Lebron v. Mechem Fin., Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (emphasis added). (*See* Docket No. 2169, Memorandum of Opinion and Order at 12.)

15. Because the "incurred" issue answered by the Bankruptcy Court was neither difficult nor one of first impression, there are no substantial grounds for difference of opinion that exist with respect to the Bankruptcy Court's Judgment.

16. The Reorganized Debtors' arguments to the contrary are (at best) misleading. Throughout their Motion for Leave, the Reorganized Debtors allege and complain that the Bankruptcy Court's analysis was a one-sentence blind adoption of *Western Asbsestos* that

8

resulted in the adoption of a "minority" viewpoint without any consideration of the Reorganized Debtors' arguments and cases that they cited in their pleadings. (*See* Docket No. 2182, Motion for Leave at 5, 8, 9 and 12.) The allegation that the Bankruptcy Court refused or failed to consider the arguments of all the parties on the issues raised by the Reorganized Debtors' motion for summary judgment is absurd. The ILC, the Reorganized Debtor, and the U.S. Trustee exhaustively briefed all of the issues raised by the Reorganized Debtors' motion for summary judgment. (*See* Docket Nos. 1907, 1908, 1948, 1961, 1962 and 1971). Moreover, the Bankruptcy Court's Judgment was not an adoption of a "minority" viewpoint. The ILC supported its position with ample case law and statutory analysis, and consistently demonstrated that the Reorganized Debtors cited cases with no precedential effect, misconstrued holdings or mistook obiter dictum for the holding, such as *Sedona Institute*, or were factually distinct, such as the *WorldCom* opinion.[4]

17. Finally, the Reorganized Debtors misread *Olsen* and their reliance on it is misplaced. The Reorganized Debtors gloss over the fact that the creditor objected to his attorney's fee application. (*See* Docket No. 2182 at 10.) That fact, however, that the creditor objected to his attorney's fee application, such that the attorney did *not* have authority to file the fee application, is the crux of the court's holding. *Olsen v. Robinson Brog Leinwand Greence Genovese & Gluck P.C. (In re Olsen)*, 334 B.R. 104, 104 (S.D.N.Y. 2005) ("Because Robinson Brog was not authorized to file the fee application, the Bankruptcy Court's order is vacated in

---

[4] On this point, for the sake of brevity, the ILC hereby incorporates the following pleadings and the relevant portions thereof: *see* Docket No. 1948, Answering Brief in Support of (I) the Informal Landlord Committee's Response to Reorganized Debtors' Motion for Summary Judgment With Respect to the Motions of the Informal Landlord Committee for Allowance of Reasonable Fees and Administrative Expenses Incurred for Professional Services Rendered Pursuant to 11 U.S.C. § 503(b), and (II) the Informal Landlord Committee's Cross Motion for Partial Summary Judgment at 9-20; *and see* Docket No. 1971, Informal Landlord Committee's Sur-Reply to Reorganized Debtors' (I) Reply to the Response of the Informal Landlord Committee to the Reorganized Debtors' Motion for Summary Judgment, and (II) Response to the Informal Landlord Committee's Cross Motion at 2-8.

part and this case is remanded for further proceedings.") Here, there is no question that the ILC authorized T&K and Chiron to file the Administrative Expense Motions.

18. <u>The "accountant" issue</u>. Regarding the attorney or accountant argument, the Bankruptcy Court the Bankruptcy Court followed the precedent set forth by the District Court of this District. Specifically, the Reorganized Debtors' erroneous interpretation of § 503(b)(4) has already been disregarded by the Delaware District Court in *In re Stapleton v. Unofficial Committee of Noteholders (In re ITC-Deltacom, Inc.)*, 2006 U.S. Dist. LEXIS 13819 (D.Del March 29, 2006) and *In re AM Int'l*, 203 B.R. 898, 902 (D. Del 1996).[5] Specifically, in *ITC-Deltacom*, the District Court stated:

> [T]his court agrees with the court below that § 503 encompasses expenses for financial advisors. Subsection (b)(3)(D) establishes that "actual" and "necessary" expenses incurred by a committee "making a substantial contribution" in a Chapter 11 case, are recoverable in general, **including expenses incurred in the employment of a financial advisor**. And, although subsection (b)(4) clearly imposes a limitation on recovery "for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under [subsection (b)(3)(D)]," nowhere does it purport to limit other recoverable expenses.

*In re ITC-Deltacom, Inc.*, 2006 U.S. Dist. LEXIS 13819 (emphasis added). Based on the District Court's unambiguous pronouncements on this issue, the Reorganized Debtors' argument that the "accountant issue" is subject to "substantial divergence" of opinion is meritless. Accordingly, by direct precedent, the Delaware District Court has already denied the Debtors' theory and their motion for leave to appeal should be denied.[10]

---

[5] In *AM Int'l*, a financial advisory firm appealed the decision of a Delaware bankruptcy court rejecting the firm's substantial contribution claim. The bankruptcy court had denied the firm's claim on the sole ground that the firm did not fit "the definition of an accountant or attorney, as required by [§ 503(b)(4)]." *Id.* at 902. Noting the basis for the bankruptcy court's decision, the district court reversed the denial of the firm's substantial contribution claim. *Id.*

[10] Despite the fact that the district court did not engage in an exhaustive analysis of the issue, it was obviously aware of the theory and chose to disregard it.

19. The Reorganized Debtors attempt to distinguish the District Court's opinion in the *Am Int'l* and *ITC-Deltacom* cases in an attempt to create the divergence of opinion necessary for leave to appeal. This attempt to differentiate the holdings of the District Court is more properly an argument against the merits of the holding of the cases. This line of argument is an issue that is properly raised in an appeal to the District Court and the Third Circuit, not in a motion for leave to make an interlocutory appeal. As such, the Court should resist the Debtors' invitation to find an inconsistency of opinions where none exists.[6] Consequently, the Motion for Leave should be denied.

20. Moreover, on the second issue, the Bankruptcy Court followed the prior opinion of this District Court. Since the Debtors present no argument, other than the absence of case law, to support, its position, the substantial grounds for a difference of opinion element has not been met. *In re G-I Holdings*, 2005 U.S. Dist. LEXIS 31896 (D.N.J. 2005).

### D. Immediate Appeal will Hinder—Not Advance the Ultimate Termination of the litigation

21. The ILC's request for a substantial contribution claim is a routine contested matter adjudicated in the Bankruptcy Court every day. Further, based on the Bankruptcy Court's Order and Memorandum Opinion, the only issues left to resolution of this matter are (i) whether the services provided by T&K and Chiron provided a substantial contribution and (ii) whether the fees are reasonable. These are not highly technical or controversial issues and are matters in

---

[6] The Reorganized Debtors principally rely on an eight year old Delaware Bankruptcy Court decision that noted that expenses are not reimbursable where the professional is not an attorney or accountant. *See In re Columbia Gas*, 244 B.R. 540, 550 n.3 (Bankr. D. Del. 1998) (citing *In re Granite Partners*, 213 B.R. 440, 454 (Bankr. S.D.N.Y. 1997). However, the bankruptcy court's decision did not address the *AM Int'l* decision or provide any independent analysis of the issue and has in any event been overruled by implication in the *ITC-Deltacom* decision. Therefore, due to the substantial deference given to District Court decisions by the bankruptcy court, there is simply no divergence of opinions in the District of Delaware on this issue. *See, e.g., In re Jason Realty, L.P.*, 59 F.3d 423, 429 n. 2 (3d Cir. 1995) (in the Third Circuit, district court rulings are entitled to substantial deference by bankruptcy courts); *In re Turner*, 326 B.R. 563 (Bankr. W.D. Pa. 2005). *In re Brown*, 244 B.R. 62, 64 (Bankr. D. N.J. 2000).

which the Bankruptcy Court has had first hand experience based on its oversight of numerous bankruptcy cases. Discovery can proceed under the stipulation the parties previously approved governing the anticipated rather limited discovery that should inherently be required for a mater of this type. Any appeal at this juncture would only delay a decision by the Bankruptcy Court which may in itself be dispositive on the underlying factual issues. Moreover, if this appeal were granted and the Reorganized Debtors were unsuccessful, they would undoubtedly appeal the Bankruptcy Court's final judgment on the facts as well.

## CONCLUSION

22. For all the foregoing reasons, the Debtors' Motion for an interlocutory appeal should be denied and the matter allowed to proceed to trial and disposition.

Dated: June 15, 2006

COZEN O'CONNOR

_____
Jeffrey R. Waxman (No. 4159)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

- and -

HAYNES AND BOONE, LLP
Patrick L. Hughes
Texas Bar No. 10227300
Charles A. Beckham
Texas Bar No. 02016600
Karl D. Burrer
Texas Bar No. 24043584
1221 McKinney, Suite 2100
Telephone: 713.547.2000
Facsimile: 713.547.2600

*Counsel for the Informal Landlord Committee*

12